**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

IN RE: COMPLAINT OF F/V MISTY BLUE LLC     :
and SEA HARVEST, INC., AS OWNER AND         :
OWNER *PRO HAC VICE* OF THE FISHING         :
VESSEL MISTY BLUE, FOR EXONERATION          :
FROM OR LIMITATION OF LIABILITY             :

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Plaintiffs, F/V Misty Blue LLC and Sea Harvest, Inc., by and through their attorneys, Reeves McEwing LLP, hereby bring this Complaint seeking exoneration from and limitation of liability pursuant to 46 U.S.C. § 30501 *et sec.* (formerly 46 U.S.C. § 30501 *et sec.*), and in support thereof aver as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims.

2. Venue is proper in this District in accordance with Supplemental Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims, as no suits to date have been commenced against the owner or owner *pro hac vice* of the M/V MISTY BLUE.

3. At all times material hereto, the F/V MISTY BLUE is a commercial fishing vessel, engaged in the clam fishery on the east coast of the United States.

4. Plaintiff F/V Misty Blue LLC is a corporate entity incorporated in Rhode Island, and at all times material hereto was the registered owner of the F/V MISTY BLUE ("the Vessel").

5. Plaintiff Sea Harvest, Inc. is a corporate entity with a principal place of business in Cape May, New Jersey, and at all times material hereto, was the operator and owner *pro hac vice* of the Vessel. Sea Harvest, Inc. managed and operated the Vessel, employed her crew, and provided fuel, food, supplies to, and procured all necessary services, for the Vessel, including maintenance and repairs, all at its own expense.

6. Plaintiff Sea Harvest manned, victualed and navigated the Vessel, and is therefore an owner *pro hac vice*, within the meaning of the Limitation of Liability Act, 46 U.S.C. § 30501 *et sec.*

7. On or about December 2, 2017, the Vessel departed the dock in Fairhaven, Massachusetts to engage in fishing for surf clams in the Atlantic Ocean.

8. On December 4, 2017, the Vessel continued her fishing voyage in the Atlantic Ocean, approximately ten (10) miles off the coast of Nantucket.

9. The relevant voyage therefore began on December 2, 2017, and ended when the Vessel sank on December 4, 2017.

10. At approximately 1800 hours on December 4, 2017, Plaintiffs were notified that the Vessel was in distress, and had in fact capsized and sank ("the Casualty").

11. The Vessel was lost at sea, and only one of her life rafts has been recovered.

12. The life raft is currently stored at 590 Fish Road, Tiverton, RI, and is in the possession of Life Raft and Survival Equipment, Inc.

13. The fair market value of the life raft at the present time does not exceed $3150.00 . *See* Exhibit A.

14. At all times material hereto, Plaintiffs used due diligence to make the Vessel seaworthy in all respects. Prior to the commencement of the voyage, the Vessel was tight, staunch, strong, properly manned, equipped and supplied, and in all respects seaworthy for the voyage and service in which she was engaged.

15. The Casualty was not occasioned by, and occurred without, the privity or knowledge of the Plaintiffs.

16. Two of the Vessel's crew were rescued thereafter, however the remaining two crewmembers are missing and presumed dead.

17. Plaintiffs anticipate that as a result of the casualty, claims will be made against them by the crewmembers and/or their estates in an amount which far exceeds the value of Plaintiffs' interest in the vessel after the casualty, to wit the value of the life raft.

18. There is no pending freight for the voyage in question.

19. Upon information and belief, there are no known liens against the Vessel arising during the relevant voyage, nor any claims or demands which are paramount to those which may arise by reason of this casualty.

20. Plaintiffs are now ready, willing and able, and herby offer to give a stipulation or bond with sufficient surety for the value of Plaintiffs' interest in the Vessel, as required at the conclusion of the voyage in which the anticipated claims arose, with interest thereon, and security for costs pursuant to Supplemental Admiralty Rule F(1).

21. This Complaint is filed within six (6) months of the casualty and date on which the anticipated claims arose during the relevant voyage.

22. Plaintiffs, as owner and owner *pro hac vice* of the F/V MISTY BLUE, claim exoneration from liability for any and losses, damages, injuries or wrongful death caused, done, occasioned, or incurred arising out of the casualty or during the relevant voyage, and for any and all claims therefor.

23. If, however, it is found that Plaintiffs are liable for any such damages, which is denied, Plaintiffs alternatively claim the benefit of limitation of liability, as provided by the Limitation of Liability Act, 46 U.S.C. § 30501 *et sec.*

24. The aforesaid allegations are true and correct, and are brought within the admiralty and maritime jurisdiction of this honorable Court.

WHEREFORE, Plaintiffs F/V Misty Blue LLC and Sea Harvest, Inc. pray that:

1. The Court issue a Notice to all person(s) asserting claims with respect to which the Complaint seeks exoneration or limitation directing them to file their respective claims with the Clerk of the Court and to serve on the attorneys for Plaintiffs a copy thereof on or before the date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, he/she shall file and serve on the Plaintiff's attorneys an answer to the Complaint on or before said date, unless his/her claim has included an answer, so designated;

2. The Court issue an Order restraining, staying and enjoining the further prosecution of any and all actions, suits, or proceedings already commenced and enjoins the commencement or prosecution hereafter of any and all actions,

suits, or proceedings, of any nature or description against the Plaintiffs, or any other property of Plaintiffs, except in this action, to recover damages for or in respect of any loss, damage, injury or wrongful death caused or resulting from the aforesaid casualty, or done, occasioned or incurred on the aforesaid voyage;

3. The Court adjudge that Plaintiffs are not liable to any extent for any loss, damage, injury or wrongful death or for any claim therefore in any way arising out of, resulting from, done, occasioned or incurred by the casualty, or during the aforesaid voyage;

4. If Plaintiffs are adjudged liable, as owner and owner *pro hac vice* of the F/V MISTY BLUE, then any such liability for all claims shall be limited to $3150.00, the value of the Plaintiffs' interest in the Vessel, to wit the life boat, at the termination of the voyage, or after the casualty; and that judgment be entered discharging Plaintiffs from all further liability; and

5. Plaintiffs shall have such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

REEVES McEWING LLP

BY: *Mary E. Reeves*
BRIAN McEWING, ESQUIRE
MARY E. REEVES, ESQUIRE
MICHAEL F. SCHLEIGH, ESQUIRE
681 Town Bank Road
Cape May, NJ 08204
(609) 846-4717

DATE: 12-7-17